NOT DESIGNATED FOR PUBLICATION

No. 124,880

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS IRA KENDALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed November 23, 2022. Affirmed.

*Benjamin N. Casad*, of Leavenworth, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Nicholas Ira Kendall appeals his sentence following his second conviction for driving with a suspended driver's license. After pleading no contest to the charge, the district court sentenced Kendall to a 12-month jail sentence, suspended to 12 months' supervised probation once he has served 90 days in jail. On appeal, Kendall contends the district court abused its discretion by imposing a 90-day jail sentence and denying his request to serve the 90 days on house arrest. Based on our review of the record, we conclude that the district court's decision was reasonable and was not based on an error of law or fact. Thus, we affirm.

1

FACTS

In October 2020, the State charged Kendall with driving under the influence (DUI), driving while his driver's license was suspended, and transportation of liquor in an open container committed in February 2020. In December 2021, Kendall entered into a plea agreement with the State and pled no contest to reduced charges of driving with a suspended driver's license in violation of K.S.A. 2021 Supp. 8-262(a)(1). In turn, the other charges were dismissed.

Kendall's presentence investigation report (PSI) recommended that he "should be sentenced to 12 months in the Leavenworth County Jail, all but 90 days suspended and placed on 1 year supervised probation with Court Services." After Kendall requested and received three continuances, the district court held a sentencing hearing on February 4, 2022. At the hearing, Kendall requested that if the district court ordered him to serve a 90-day jail sentence as recommended in the PSI, it should allow him to serve his sentence under house arrest. Alternatively, Kendall requested that he only serve five days in jail.

The district court asked whether Kendall's driver's license had been suspended as a result of a prior DUI conviction. Kendall's attorney admitted that this "was true" but that he believed the period of suspension "had already been served at the time of this offense." Before rendering its sentence, Kendall was given the opportunity to address the district court. In doing so, Kendall stated that his father was ill and that house arrest would be ideal for him and for his family.

In denying Kendall's request for probation, the district court stated:

"[T]he Court has to worry about the public and the safety of having you on the streets. You've had three DUIs. The State of Kansas, as a result of those, ordered you not to operate a motor vehicle. I see at least on one occasion you tampered with the interlock device, and you got convicted of doing that. So it concerns me greatly to have you out on

the streets, and house arrest certainly does not do anything to protect the public from your driving."

The district court then sentenced Kendall to a 12-month jail sentence, suspended to 12 months' probation, after serving 90 days in jail. Thereafter, Kendall filed a timely notice of appeal.

ANALYSIS

On appeal, Kendall contends that the district court abused its discretion by requiring him to serve 90 days in jail rather than on house arrest. In the alternative, Kendall argues that the district court should have sentenced him to a five-day jail sentence. In response, the State argues that the district court did not err in sentencing Kendall to 90 days in jail or in denying his request for house arrest. The State argues that based on Kendall's criminal history that includes three previous DUI convictions and one previous driving while suspended conviction, the district court made a reasonable decision to deny Kendall's request for house arrest in accordance with the PSI recommendation and K.S.A. 2021 Supp. 8-262(a)(4). We agree.

A sentence for driving while suspended is governed by K.S.A. 2021 Supp. 8-262, rather than under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2021 Supp. 21-6801 et seq. Nongrid sentences imposed within the statutory guidelines are not to be disturbed on appeal unless the district court has abused its discretion. See *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). A judicial action constitutes an abuse of discretion if it is unreasonable, based on an error of law, or based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Moreover, as the party asserting that the district court erred, Kendall bears the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

3

A review of the record reflects that Kendall was found guilty of driving with a suspended driver's license. See K.S.A. 2021 Supp. 8-262(a)(1). It is undisputed that this is his second conviction for driving while suspended. Under K.S.A. 2021 Supp. 8-262(a)(l), a person who drives a motor vehicle while their license is suspended is guilty of a class A nonperson misdemeanor on the second or subsequent conviction. Furthermore, K.S.A. 2021 Supp. 8-262(a)(4) provides that a person who is convicted of a violation of this statute while his or her driver's license is suspended for a prior DUI conviction is subject to a minimum sentence of 90 days in jail before being eligible for probation. See *State v. Romero*, No. 110,820, 2015 WL 423804, at *6 (Kan. App. 2015) (unpublished opinion).

At the sentencing hearing, Kendall's attorney admitted that it was true that his client committed his current offense of driving while his license was suspended for a prior DUI. Kendall asked to be placed under house arrest in lieu of serving the minimum 90-day jail sentence as required by K.S.A. 2021 Supp. 8-262(a)(4). Furthermore, Kendall did not argue at the sentencing hearing that 90 days was excessive or that a 5-day jail sentence was the maximum sentence the district court could impose. Rather, Kendall simply requested that he be able to serve the 90-day sentence recommended in the PSI—and required by statute—under house arrest.

On its face, the clear and unambiguous language of K.S.A. 2021 Supp. 8-262(a)(4) required the district court to sentence Kendall to a minimum of 90 days in jail before he was eligible for probation. Additionally, the district court followed the recommendation in the PSI for a 12-month jail sentence with all but 90 days suspended in line with K.S.A. 2021 Supp. 8-262(a)(4). Accordingly, we conclude that the district court did not act unreasonably, nor did it commit an error of law or a mistake of fact.

The district court also did not abuse its discretion by denying Kendall's request to serve the 90 days under house arrest. Based on the plain language of K.S.A. 2021 Supp. 8-262(a)(4)—which expressly calls for jail time under these circumstances—it is questionable if the district court had discretion to order house arrest. Regardless, a reasonable person could agree with the district court's decision to deny Kendall's request for house arrest based on his history. A review of the record reveals that the district court reasonably determined that 90 days of jail time is appropriate because Kendall has a history of driving while his driver's license was suspended on two occasions and of driving under the influence on three occasions. In addition, the record reflects that Kendall has previously tampered with an interlock device. Consequently, the district court's concerns regarding the potential threat to public safety were quite reasonable.

Finding that the district court did not abuse its discretion, we affirm Kendall's sentence.

Affirmed.